```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32BJ  HEALTH FUND,           :
BUILDING SERVICE 32BJ LEGAL SERVICES          :
FUND, and BUILDING SERVICES 32BJ              :
SUPPLEMENTAL RETIREMENT AND                   :
SAVINGS FUND,                                 :
                                              :
                              Plaintiff,      :
                                              :       COMPLAINT
       -against-                              :
                                              :
TEAM CLEAN, INC.                              :
                                              :
                              Defendant.      :
------------------------------------------------------------------X
```

Plaintiffs, Building Service 32BJ Health Fund, Building Service 32BJ Legal Services Fund and Building Service 32BJ Supplemental Retirement and Savings Fund (herein collectively referred to as the "Funds"), by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against Team Clean, Inc. ("Defendant"), respectfully allege as follows:

**NATURE OF ACTION**

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee legal services fund and an employee annuity benefit fund for relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds.  This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining

agreements, and the respective trust agreements of the Funds, and ERISA. The Complaint further alleges that by failing, refusing or neglecting to electronically pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreement, the trust agreements of the Fund, the rules and regulations of the Fund and/or ERISA.

## JURISDICTION

2.  Jurisdiction of this Court is invoked under the following statutes:

    (a) 29 U.S.C. Section 1132(e)(1) and (f) and 29 U.S.C. 1145;

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.  Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4.  The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is

to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32 BJ ("Union" or "Local 32BJ"), to invest and maintain those monies, and to distribute health benefits, legal services and/or annuity and other retirement benefits to those employees eligible to receive them. The Funds all maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.  The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.  Upon information and belief, at all times material hereto Defendant was, and continues to be, a for-profit Pennsylvania corporation doing business in the City of Philadelphia and State of Pennsylvania, the State of Maryland and the State of Delaware, and at other locations, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was, and is, an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.  Upon information and belief, Defendant was and continues to be party to various collective bargaining agreements (hereinafter the "Agreements"), wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant's employees within the bargaining units set forth in each of the Agreements with the Union, as set forth below.

8.  The Agreements, as will be described below, between Defendant and the Union, cover

terms and conditions of employment, including coverage for health insurance, pre-paid legal services, and/or annuity benefits. The Agreements set forth Defendant's obligation to pay contributions to plaintiff Funds on behalf of Defendant's cleaning and janitorial employees at, inter alia, the following locations: 100 & 200 Stevens Drive ("Keystone"); The Kimmel Center, the Academy of Music, and the Merriam Center, Philadelphia, Pennsylvania (collectively, "Kimmel Center") and 800 Delaware Avenue, ("800 Delaware").

9. The Keystone Agreement between Defendant and the Union covers all terms and conditions of employment, including coverage for health insurance and legal services, and Defendant's obligation to pay contributions to plaintiff Funds on behalf of Defendant's service employees at Keystone, 100-200 Stevens Drive, Philadelphia, Pennsylvania 19801. The duration of said Agreement is December 16, 2011 through December 15, 2015 and renewed from October 15, 2015 through October 15, 2019. The parties to said Agreement are the Building Operators Labor Relations Division of the Building Owners and Managers Association of Philadelphia, Suburban Section and the Union. The Keystone Agreement was adopted by Defendant by Rider Agreement dated February 17, 2011, making Fund contributions effective February 1, 2012. Copies of said documents constituting the Keystone Agreement are annexed hereto as Exhibit A.

10. The Kimmel Center Agreement between Defendant and the Union covers all terms and conditions of employment, including coverage for health insurance, prepaid legal and annuity benefits and Defendant's obligation to pay contributions to plaintiff Funds on behalf of Defendant's service employees at the Kimmel Center, the Academy of Music and the Merriam Theatre, all located in Philadelphia, Pennsylvania. The duration of said Kimmel Center Agreement is effective October 1, 2013 through September 30, 2017. A copy of said Agreement is annexed hereto as Exhibit B.

11. The 800 Delaware Agreement between Defendant and the Union covers all terms and conditions of employment, including coverage for health insurance, and Defendant's obligation to pay contributions to plaintiff Funds on behalf of Defendant's service employees at 800 Delaware Avenue, Wilmington, Delaware. The duration of said Agreement is effective January 1, 2012 through December 31, 2015. A copy of said Agreement is annexed hereto as Exhibit C.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT - 29 U.S.C. 185 )

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this complaint, as if fully set forth herein.

13. Defendant has failed and refused to pay the full benefit contributions due to the Funds, creating an estimated collective and aggregate delinquency of in amounts broken down in two categories, 1) audit findings and 2) under payments/non-payments.

14. In the context of audit findings, the Funds audited the books and records of the Defendant for the period June 1, 2013 through December 31, 2015. The audit results as modified, presently reflect the following sums as owed for the respective locations for the audit period:

    100 & 2000 Stevens Drive   - Principal Due: $14,012.32
    800 Delaware Avenue   - Principal Due: $0.00
    Kimmel Center   - Principal Due: 117.85
    Academy of Music   - Principal Due: $131.95

15. In the context of the under payment/non-payment delinquencies, for the periods June 1, 2013 through December 31, 2015, the following sums are owed:

    100 & 200 Stevens Drive   - Principal $17,269.70
    800 Delaware Avenue   - Principal $22,602.15
    Interest on late and non-payments -   $17,705.24

16. The collective bargaining agreements described above bind the Defendant to the Trust

Agreement of the respective Funds, and to such rules and regulations as promulgated by the Funds in connection with the collection of delinquent contributions.

17. A. The Keystone Agreement provides in relevant part:

> If the employer fails to make required reports or payments to the Funds, the Trustees may in their sole and absolute discretion take any action necessary, including , but not limited to, suits at law, to enforce such reports and payments, together with interest and liquidated damages as provided in the Funds' Trust Agreements, and any and all expenses of collection, including but not limited to counsel fees, arbitration costs, and fees, court costs, fees and interest.(Exhibit A, Section 16.1)

B. The Kimmel Agreement provides, in relevant part:

> The Employer adopts the provisions of, and agrees to comply with and be bound by, the Trust Agreements establishing the Welfare Funds above and all amendments thereto, and also hereby irrevocably designates as his representatives the Trustees named as Employer Trustees in said Trust Agreements, together with their successors selected in the manner therein provided, and further ratifies and approves all matters heretofore done in connection with the creation and administration of said trusts, and all actions taken by such Trustees within the scope of their authority. (Exhibit B, Article 13, section 3)

> The Employer adopts the provisions of, and agrees to comply with and be bound by, the Trust Agreement establishing the Legal Services fund and all amendments thereto, and also hereby irrevocably designates as its representatives the Trustees named as employer Trustees in said Trust Agreement, together with their successors selected in the manner therein provided, and further ratifies and approves all matters heretofore done in connection with the creation and administration of said Trust, and all actions to be taken by the Trustees within the scope of their authority. (Exhibit B, Article 15, Section 3)

C. The 800 Delaware Agreement provides, in relevant part:

> The Employer adopts the provisions of, and agrees to comply with and be bound by, the Trust Agreement establishing the Legal services Fund and all amendments thereto, and also thereby irrevocably designates as his representatives the Trustees named as Employer Trustees in said Trust Agreement, together with their successors

        selected in the manner therein provided, and further ratifies and approves all matters heretofore done in connection with the creation and administration of said Trust, and all actions taken by such Trustees within the scope of their authority.

18. Accordingly, pursuant to Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) Defendant is contractually liable to the Funds for benefit contributions in the amounts due, plus interest on non-payments and late payments, liquidated damages on non-payments and late payments, attorney's fees, costs and disbursements of this action, in amounts as set forth in the respective Funds' collection policies.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT 29 U.S.C. Section 1132(e)(1) and (f) and 29 U.S.C. 1145)

19. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

21. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to plaintiffs Funds when due. Such failures to make payments or timely payments and/or submit reports constitute violations of Section 515 of ERISA (29 U.S.C. § 1145).

22. Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Fund, the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' respective plans, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

23. Accordingly, Defendant is liable to the Funds for the payment and/or submission of

the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages and interest in the amounts as provided under the Funds' respective plans together with reasonable attorneys' fees, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant for payment of all past due contributions in the amounts set forth above;

b. against Defendant for accrued prejudgment interest and liquidated damages on late payments and non-payments and attorney's fees as provided in the Funds' collection policies on all contributions in accordance with Section 301 of the Taft-Hartley Act, 29 U.S.C. 185.

c. against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

d. for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
       July 31, 2019

>                                RAAB, STURM & GANCHROW, LLP
>                                By: s/ Ira A. Sturm
>                                IRA A. STURM (IS 2042)
>                                Attorneys for Plaintiffs
>                                2125 Center Avenue, Suite 100
>                                Fort Lee, New Jersey 07024
>                                201-292-0150
>                                Fax 201-292-0152
>                                isturm@rsgllp.com